[624 NYS2d 642]

In the Matter of GERALD RALPH SAFFIOTI, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 10, 1995

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Nancy A. Bolger* of counsel), for petitioner.

*Robert A. Ungar, P. C.,* Garden City *(Louis Gerstman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this Court on February 3, 1988.

In this proceeding, the respondent is charged with three allegations of professional misconduct. The Special Referee sustained Charges One and Two but failed to sustain Charge Three. The petitioner moves to confirm so much of the Special Referee's report as sustained Charges One and Two and to disaffirm so much of the report as did not sustain Charge Three. The respondent cross-moves to confirm so much of the report as did not sustain Charge Three and to disaffirm so much of the report as sustained Charges One and Two.

Charge One alleges that the respondent failed to cooperate with the Grievance Committee in its investigation of a *sua sponte* complaint. By a letter dated August 30, 1991, the respondent was advised of a *sua sponte* complaint that was filed against him regarding his failure to respond to court inquiries concerning an assigned criminal appeal. By a letter dated October 18, 1991, that was sent certified mail, return receipt requested, the Grievance Committee notified the respondent that it had not received an answer to its August 30, 1991 letter and that his failure to cooperate with the investigation might, by itself, constitute professional misconduct. The Grievance Committee requested that the respondent reply within 10 days after receipt of the October 18, 1991 letter. That letter was returned to the Grievance Committee marked unclaimed. By a letter dated November 8, 1991, that was sent certified mail, return receipt requested, the respondent was advised that if the Grievance Committee did not receive a written response to its two previous letters by November 19, 1991, his interim suspension from the practice of law would be sought. Despite his oral assurances to the Grievance Committee, the respondent did not respond in writing, and a letter dated December 12, 1991 was sent to him, again advising him of his obligation to submit an answer. The respondent finally submitted an answer in January 1992. The respondent subse-

quently failed to respond to the Grievance Committee's request for additional information, which was made by a letter dated March 4, 1992. By a letter dated April 1, 1992, that was sent certified mail, return receipt requested, the respondent was advised that a response to the Grievance Committee's March 4, 1992 letter was required and that his failure to cooperate might, by itself, constitute professional misconduct. That letter was returned to the Grievance Committee marked unclaimed. The respondent failed to appear at the Grievance Committee's offices to give testimony on June 30, 1992, at 10:00 A.M., despite the fact that a subpoena had been served and mailed to him at the address given by him to the Office of Court Administration.

Charge Two alleges that the respondent failed to respond to inquiries from the Appellate Division, Second Judicial Department, regarding the status of an assigned criminal appeal. The respondent was assigned to prosecute an appeal in the matter of *People v Cindy Weismann* by a decision and order dated April 27, 1990. The respondent failed to respond to a 365-day notice that was sent to him by Martin Brownstein, the Clerk of the Appellate Division, Second Judicial Department, on or about May 22, 1991, advising him to file a brief or a written reply with the Court regarding the status of the matter. The respondent also failed to respond to a letter dated June 23, 1991, from Mr. Brownstein advising him that, due to his failure to respond to the 365-day notice, if a brief was not filed by July 19, 1991, a recommendation to refer the matter to the Grievance Committee would be made.

Charge Three alleges that the respondent failed to return a client's files, despite requests to do so. In or about 1989, the respondent was retained by Longwood Associates to handle various landlord-tenant cases for it. In or about the spring of 1991, the partners of Longwood Associates, Alfred Gold and Jay Tannenbaum, requested that the respondent return the files. The respondent failed to respond to three letters dated June 27, August 8, and September 11, 1991, respectively, that were sent to him by Edward E. Klein, the new attorney for Longwood Associates, requesting the files. By a letter dated October 10, 1991, that was sent to the Grievance Committee for the Tenth Judicial District, Alfred Gold requested the return of the files. The Grievance Committee opened a complaint in this matter and, by a letter dated October 31, 1991, advised the respondent that a reply was required. In the respondent's reply, dated January 20, 1992, he stated that he

had previously requested, but had only recently received, a release that he claimed to be awaiting prior to releasing the files in this matter. By a letter dated June 18, 1992, that was sent to the Grievance Committee, Tannenbaum and Gold advised it that the respondent had still not returned the files.

After reviewing all of the evidence adduced, we conclude that respondent is guilty of all three charges of professional misconduct. Accordingly, the petitioner's motion is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have considered the respondent's explanations of his delay in responding to the Grievance Committee and to this Court, including his successive changes of address and the resulting difficulty in receiving his mail. However, despite these explanations, we cannot countenance the respondent's misconduct, especially the respondent's failure to respond to the inquiries of the Clerk of this Court. Also, we note that the respondent was issued a letter of admonition on January 14, 1994, for failing to respond to this Court's inquiries concerning a second assigned appeal. Under these circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, SULLIVAN, ROSENBLATT and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and to disaffirm in part the report of the Special Referee is granted and all three charges are sustained; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Gerald Ralph Saffioti, Jr., is suspended from the practice of law for a period of one year, commencing May 10, 1995, and continuing until a further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until a further order of this Court,

the respondent, Gerald Ralph Saffioti, Jr., shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.